IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-645-FL

| | | |
|---|---|---|
| VALERY ELIZABETH KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court declines to follow the recommendation of the magistrate Judge, grants plaintiff's motion to remand, and denies defendant's motion for judgment on the pleadings.

## BACKGROUND

On December 20, 2012, plaintiff protectively filed an application for disability insurance benefits and supplemental security income, alleging disability beginning December 17, 2012. The applications were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after an October 14, 2014, hearing, denied plaintiff's claims by decision entered January 21, 2015. Following the ALJ's denial of her

applications, plaintiff timely filed a request for review with the Appeals Council. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on July 5, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build

2

an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 17, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis, right shoulder rotator tear, right heel spur and plantar fasciitis, sarcoidosis, and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a narrow range of light work, in that plaintiff is capable of lifting/carrying and pushing/pulling 20 pounds occasionally, lifting/carrying and pushing/pulling 10 pounds frequently but can only lift 5 pounds with her right upper extremity; can sit for 6 hours and can stand or walk for 6 hours in an 8-hour day, but requires a sit/stand option where she can stand/walk 45 minutes at one time and sit 15 minutes at one time; cannot reach behind her back or overhead with the right upper extremity; and cannot work in environments with concentrated exposure to respiratory irritants, such as dust, fumes, and smoke. At step four, the ALJ concluded plaintiff was not able to perform any past relevant work. At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff was capable of performing including furniture rental consultant, children's attendant, and cashier II. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Plaintiff argues that the ALJ erred by not giving adequate weight to certain medical opinions, including medical opinions submitted from plaintiff's orthopaedist Dr. Martin to the Appeals Council after the ALJ's decision was issued.[1] The court holds that remand is required for further explanation as to the weight given to opinions of Dr. Martin submitted to Appeals Council and additional opinions of Dr. Martin not addressed by the ALJ.[2]

"The Appeals Council must consider evidence submitted with [a] request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (internal quotations omitted). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. The new evidence need not have existed during that period before the date of the ALJ's decision, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987). The court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Wilkins, 953 F. 2d at 96.

---

[1] Because the court determines that the first argument requires remand for further consideration, the court does not address plaintiff's remaining arguments that the ALJ erred by not performing a function-by-function analysis and by limiting Plaintiff's RFC inconsistently with the medical evidence.

[2] The court's holding departs from the recommendation of the magistrate Judge because the magistrate Judge did not address Dr. Martin or the records submitted to the Appeals Council in his analysis. In plaintiff's objections, plaintiff objected on grounds that the ALJ's decision did not take into account adequately medical opinions in the record.

5

After the ALJ determined on January 21, 2015, that plaintiff was not eligible for disability benefits, plaintiff submitted multiple documents as new evidence to the Appeals Council including treatment notes from plaintiff's orthopaedist Dr. Martin, discussing plaintiff's condition and inability to work. (Tr. 55-58). The Appeals Council determined these records did not alter the disability determination because they did not relate back to the period on or before the date of the ALJ's decision:

> We also looked at records from Physicians East dated May 11, 2015 ( 4 pages); Wilson Orthopaedics dated July 22, 2015 (5 pages); Vibrance Internal Medicine dated April20, 2015 through August 25, 2015 (17 pages); RM Urology dated September 16, 2015 (3 pages); Physicians East dated August 10, 2015 (3 pages); Purvis-Moyer Foot and Ankle Center dated December 9, 2015 (5 pages); Boice Willis Clinic dated November 18, 2015 (5 pages); <u>Wilson Orthopaedics dated December 21, 2015 (7 pages)</u>; Boice Willis Clinic dated December 17, 2015 through January 19, 2016 (7 pages); Physicians East dated January 27, 2016 (11 pages); Physicians East PA dated February 25, 2016 (27 pages); and Wilson Regional MRI dated May 6, 20 15 (1 page).
> The Administrative Law Judge decided your case through January 21, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 21,2015.

(Tr. 2) (emphasis added).

The basis of the Appeals Council's decision to discount the submitted information is that the information "is about a later time." Id. However, the December 21, 2015 notes from Dr. Martin discuss Dr. Martin's assessment of plaintiff's condition over a long period of time, starting in 2013:

> Valery is a 54 year old female who <u>I have been following for some time</u>. She had apparently been injured in a work related injury that has never been accepted as a comp claim that hurt her shoulder. This resulted in surgery. She has <u>persistent pain in that shoulder</u>. She also has had a trigger finger which has bothered her <u>in the past</u>, that has precluded her ability to work as well. The painter [sic] not [sic] has back pain, left radiating leg pain and the previous problems mentioned. . . . Impression: . . . <u>Persistent right shoulder pain despite surgical intervention with rotator cuff pathology and impingement status post repair and biceps tenodesis</u> . . . . Under the circumstances and the persistent pain that the patient is in, the medication that is required to treat her, I think it is unlikely she will be able to work at any job at this

6

> time. I have discussed this with her <u>in the past</u>, she has been under restrictions, but I think given all these circumstances and medication conditions she was warned that she is not able to work.

(Tr. 55-58) (emphasis added). In light of the emphasized text, these notes relate to not only plaintiff's condition at the time of examination in 2015 but also to the period on or before the date of the ALJ's decision, meeting the first <u>Wilkins</u> requirement.

Turning to the other <u>Wilkins</u> prongs, whether the evidence is "new" and "material," the court determines that it is. Evidence is new if not "cumulative" or "duplicative." <u>See</u> <u>Wilkins</u>, 953 F.2d at 95-96. One of the factors the ALJ stressed in coming to his decision that the plaintiff was not disabled concerned plaintiff's improvements after shoulder surgery. <u>See</u> Tr. 116 ("The claimant underwent right shoulder surgery and admitted there was improvement. A physician noted that her shoulder surgery healed without difficulty . . . . In May 2014, Dr. Patrone noted . . . that she had full range of motion of her shoulders. . . . The undersigned notes that the claimant has multiple conditions; however, there had been improvement with treatment."). The evidence by Dr. Martin, the physician who performed plaintiff's shoulder surgery, contains new assessments of plaintiff's capacities not previously addressed, indicating that plaintiff has not improved since surgery, and the evidence is material in that, if it were to be considered in light of the whole record, there exists a reasonable possibility it could change the outcome of the ALJ's opinion. <u>See Wilkins</u>, 953 F.2d at 95-96. Dr. Martin is an orthopaedic specialist and has been plaintiff's attending physician for years; therefore, this evidence may be afforded additional weight. <u>See</u> 20 C.F.R. §§ 404.1527(c)(2),(5) (directing that medical evidence from a specialist or a treating source may be given more weight by the Commissioner).[3]

---

[3] The court makes no determination as to whether the other medical records submitted by plaintiff to the Appeals Council meet the <u>Wilkins</u> factors.

Additionally, the ALJ did not address any of Dr. Martin's previous opinions that were in the record before the ALJ.[4] These opinions indicate that plaintiff had functional limitations due to the condition in her right shoulder among other ailments.[5] (See, e.g., Tr. 472 (stating on February 19, 2013 plaintiff's right shoulder "[s]ymptoms have been intermittent for 6-9 months and recently worsened" and "examination of the involved hand . . . obvious triggering . . .[p]atient has marked pain in and around this area")[6]; 637-638 (stating on August 26, 2013 his impression was "[p]ersistent shoulder pain with repeat injury in the early post operative period after shoulder rotator cuff repair . . . [s]he cannot return to work until 12/17/2013 and it may be longer if we have another surgery"); 687-689 (stating on December 16, 2013 that there "appears to be a retear of the rotator cuff that is small" and "I would have the patient be able to return to work with permanent restrictions of zero to five pounds, minimize repetitive lifting from waist to should level"); 736 (stating on September 25, 2014 "[g]iven the weakness and pain location I think she may have had a retear of the rotator cuff. There is certainly some cuff information. The finger is obviously a trigger finger").[7]

An ALJ is directed to assign weight to every medical opinion in a claimant's record. See 20

---

[4] The statement above, that "[a] physician noted that her shoulder surgery healed without difficulty," could be in reference to Dr. Martin. (See Tr. 116 (no citations)).

[5] The Code of Federal Regulations draws a distinction between medical opinions and legal conclusions. See 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the] impairment(s), including [the] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the] physical or mental restrictions"; 20 C.F.R. § 404.1527(a)(1) (the Commission is "responsible for making the determination or decision about whether [the claimant] meet[s] the definition of disability . . . . A statement by a medical source that [the claimant] is 'disabled' or 'unable to work' does not mean that [the Commission] will determine that [the claimant] is disabled.").

[6] In contrast, the ALJ found the "claimant had a recent diagnosis of . . . [t]rigger finger; however, these assessments had not been present for 12 months," citing diagnoses from September 25, 2014 and October 7, 2014. (Tr. 116). This finding seems contradicted by Dr. Martin's opinion offered on February 19, 2013.

[7] Additionally, the ALJ made no assessment of the weight of the opinion of the aforementioned Dr. Patrone who stated that plaintiff had full range of motion in her shoulders in May 2014. (Tr. 116).

8

C.F.R. § 416.927(c) (the ALJ "will evaluate every medical opinion . . . receive[d]" and "always give good reasons . . . for the weight . . . give[n the patient's] treating source's medical opinion"). In some cases, if the ALJ does not assign weight and give good reasons for that assignment, then the court is ill-equipped to determine whether the ALJ's conclusion is substantially supported by the evidence of record. See Gordon v. Schweiker, 725 F.2d 231, 235–36 (4th Cir. 1984) ("We cannot determine if findings are supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."); Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (remanding the case to the ALJ because the ALJ did not explain adequately why he credited one doctor's views over those of another doctor); see also Bill Branch Coal Corp. v. Sparks, 213 F.3d 186 (4th Cir. 2000) (refusing to "guess" at the ALJ's rationale for discounting relevant evidence).

Here, because the new opinion offered by Dr. Martin should be considered and because the previous opinions of Dr. Martin were not addressed by the ALJ, the court determines that remand is warranted for further development of the record.

## CONCLUSION

Based on the foregoing, upon de novo review, and upon considered review of the record, the court REJECTS the recommendation of the magistrate Judge (DE 21), GRANTS plaintiff's motion for judgment on the pleadings (DE 17), DENIES defendant's motion for judgment on the pleadings, (DE 19), and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration in accordance with this order. The clerk is DIRECTED to close this case.

SO ORDERED this the 14th day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge